L. A. MUSE v. W. F. MORRISON, POWELL DEWEESE, AB ROBINSON, CARY SMATHERS, W. L. SNYDER AND LLOYD SELLERS.

(Filed 29 September, 1954.)

APPEAL by plaintiff from *Sharp, S. J.*, March Term 1954, BUNCOMBE.

This case was first heard in the Superior Court at the March Civil Term 1951, of Buncombe, on demurrer to the complaint. The demurrer was sustained. Upon appeal the judgment was reversed. *Muse v. Morrison*, 234 N.C. 195, 66 S.E. 2d 783.

The complaint alleges the defendant Morrison, who was Secretary of the State Board of Examiners of Plumbing and Heating Contractors, the defendant Smathers, who was the Town Clerk of Canton, and the other defendants, who were members of the Board of Aldermen of the Town of Canton, conspired to drive the plaintiff out of business as a journeyman plumber. It alleged that the means used to accomplish this purpose were: (1) The defendant Morrison and the members of the Board of Examiners of Plumbing and Heating Contractors (the latter not parties) wrongfully refused to issue the plaintiff a license; (2) the defendants procured the passage of an ordinance for the Town of Canton requiring that all persons doing plumbing and heating contracting in the town first obtain a State license; (3) the defendants initiated criminal prosecutions against the plaintiff, charging him with engaging in business without license; that in the prosecutions false affidavits were made and the processes of the courts corruptly used to embarrass the defendant and make it impossible for him to carry on his business.

The defendants answered, denying all charges of wrongdoing, and pleading the lapse of time and the three-year statute of limitations in bar of plaintiff's right to recovery.

Upon the hearing on the merits at the March Term 1954, Superior Court of Buncombe County, the defendants made a motion for judgment of nonsuit at the conclusion of plaintiff's evidence. Judgment of nonsuit was entered, from which the plaintiff brings this appeal.

*Cecil C. Jackson and W. W. Candler for plaintiff, appellant.*

*Shelley B. Caveness, Tom A. Clark, and Ward & Bennett for defendants, appellees.*

PER CURIAM. We have examined each of the 90 assignments of error and find them without substantial merit. The evidence taken in the light most favorable to the plaintiff fails to sustain the allegations of the complaint. The judgment of nonsuit at the close of plaintiff's evidence was required by reason of a failure of proof.

The judgment is
Affirmed.